# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2018, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Lucretia Mae Joyce,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 9, 2018

Court of Appeals Case No.
82A01-1710-CR-2292

Appeal from the Vanderburgh
Superior Court

The Honorable Keith A. Meier,
Special Judge

Trial Court Cause No.
82D02-1605-CM-3117

**Najam, Judge.**

# Statement of the Case

Lucretia Joyce appeals her conviction for criminal trespass, as a Class A misdemeanor, following a bench trial. Joyce presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

# Facts and Procedural History

On May 26, 2016, Joyce's son was being tried in Judge Pigman's courtroom at the Vanderburgh County Courthouse. Joyce arrived in the courtroom "in a loud manner" and the judge admonished her to be quiet. Tr. at 7. Joyce left the courtroom, but soon reentered, again making noise. At that point, John Helfrich, a Deputy Sheriff for Vanderburgh County who was providing courtroom security, attempted to get Joyce to leave the courtroom with him, but she did not want to leave and was being loud and disruptive. Deputy Helfrich "coax[ed]" her through the doorway by placing his hand on the small of her back. *Id.* at 8. Once in the hallway, Joyce "had a fit." *Id.* Deputy Helfrich told Joyce that she had to leave the building, but she refused to leave. Deputy Helfrich was eventually able to get Joyce to move outside of the courthouse building, and he told her that "she had to leave the property." *Id.* at 32. Again, Joyce refused. Once outside, rather than leaving the property, Joyce stopped just outside the door to the courthouse and put her purse down on a stone wall abutting a stairway. Deputy Helfrich arrested Joyce.

[3] The State charged Joyce with criminal trespass, resisting law enforcement, and disorderly conduct, each as Class A misdemeanors. Following a bench trial, the trial court found Joyce guilty of criminal trespass, as a Class A misdemeanor,[1] and sentenced her to one year with sixty days executed and the balance suspended to probation. This appeal ensued.

## Discussion and Decision

[4] Joyce contends that the State presented insufficient evidence to support her conviction. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

[5] To prove criminal trespass, as a Class A misdemeanor, the State was required to show that Joyce, not having a contractual interest in the property, knowingly or intentionally refused to leave the courthouse after having been asked to leave by Deputy Helfrich. Ind. Code § 35-43-2-2 (2015). On appeal, Joyce contends that the State did not present evidence that she was on courthouse property when Deputy Helfrich asked her to leave. Joyce also contends that the State did not prove that she was given a "clear directive" that she had to leave the

---

[1] The trial court found Joyce not guilty of resisting law enforcement, and the court "set aside" the judgment on the disorderly conduct charge. Appellant's App. Vol. II at 37.

courthouse grounds. Appellant's Br. at 12. We address each contention in turn.

[6] Joyce first states that she "was moved to an outdoor area" of the courthouse when she was asked to leave the courthouse. *Id.* at 11. And she asserts that "[n]o evidence was presented to show who owned that outdoor area" and, therefore, that the State "failed to prove a material element of the crime—that it was the landowner or his agent that made the request to leave." *Id.* But the surveillance video shows that, rather than leaving the courthouse premises, Joyce stopped near the top of the courthouse steps immediately outside the door to the courthouse. That area of the courthouse was within the curtilage of the building. We reject Joyce's contention on this issue.

[7] Joyce also states that "there is no evidence that the Deputy told Joyce to leave the grounds specifically." Appellant's Br. at 11. But Deputy Helfrich testified that, once Joyce stopped outside on the courthouse steps, he told her that she had to "leave the property." Tr. at 32. Again, Joyce was on the curtilage at that point, which was clearly still courthouse property. Joyce's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do. The State presented sufficient evidence to support her conviction for criminal trespass.

[8] Affirmed.

Mathias, J. and Barnes, J., concur.